## PIOTROWSKI v PIOTROWSKI

### OPINION OF THE COURT

1. NAMES—NAME CHANGES—COMMON LAW.

   Under the common law a person may adopt any name he or she wishes, without resort to any court and without any legal proceedings, provided it is not done for fraudulent purposes.

2. NAMES—NAME CHANGES—LEGAL NAME CHANGES.

   There is no requirement that any person go through the courts to establish a legal change of name; if a woman changes her name upon marriage there is nothing which forbids her from changing her name back to her maiden name, or any other name, provided it is not done with fraudulent intent.

3. NAMES—NAME CHANGES—COUNTY PROBATE COURTS—COMMON LAW—STATUTES.

   The statute which authorizes procedures by which any county probate court, upon petition, may change the name of any person does not abrogate or supersede the common law, but rather affirms the common-law right and affords an additional method by which a name change may be effected as a matter of public record (MCLA 711.1; MSA 27.3178[561]).

4. DIVORCE—NAMES—NAME CHANGES—CIRCUIT COURTS—RESTRICTIONS—STATUTES.

   The use of the word "may" in the statute that authorizes the circuit courts to change a woman's name at her instance whenever a divorce is granted to her indicates that the court is empowered to decree such a name restoration, with the only restriction being the common-law restriction against fraud or evil intent (MCLA 552.391; MSA 25.181).

---

REFERENCES FOR POINTS IN HEADNOTES

[1–4, 6–10] 57 Am Jur 2d, Names §§ 9, 10, 12.

Duty and discretion of court in passing upon petition to change name of individual. 110 ALR 219.

[4, 7, 9] 73 Am Jur 2d, Statutes §§ 22, 24.

[5, 6] 24 Am Jur 2d, Divorce and Separation §§ 796, 882.

73 Am Jur 2d, Statutes §§ 145, 146, 271 *et seq.*

5. DIVORCE—NAMES—NAME CHANGES—CIRCUIT COURTS—MINORS—
   LEGISLATURE—LEGISLATIVE INTENT—AMENDMENTS TO STATUTES
   —STATUTES.

   The Legislature intended to make the statute, authorizing the
   circuit courts to change a woman's name at her instance
   whenever a divorce is granted, applicable whether or not a
   minor child is involved, where the Legislature amended the
   statute to omit a proviso previously contained which stated
   that the statute did not apply where a minor child was in-
   volved (MCLA 552.391; MSA 25.181).

6. DIVORCE—NAMES—NAME CHANGES—COURT'S DISCRETION—MI-
   NORS.

   Speculation as to possible embarrassment to, confusion or harass-
   ment of, or harmful effect on a child due to the mother having
   a different name than the child is not sufficient to support a
   denial of a request to change the mother's name when a
   divorce is granted where such request is addressed to the
   statutorily limited discretion of the circuit court; the exercise of
   that discretion must be based on reason and on evidence and
   the circumstance that there is a minor child is not enough to
   support denial of the request.

CONCURRENCE IN PART AND DISSENT IN PART BY D. T. ANDERSON, J.

7. DIVORCE—NAMES—NAME CHANGES—LEGISLATURE—LEGISLATIVE
   INTENT—AMENDMENTS TO STATUTES—STATUTES.

   *The Legislature did not intend to mandate a change of name by
   divorce judgment whenever a woman prays for it when it
   amended the statute regarding such name changes to remove
   the absolute bar to a name change where there were minor
   children involved (MCLA 552.391; MSA 25.181).*

8. DIVORCE—NAMES—NAME CHANGES—RESTRICTIONS—STATUTES.

   *The restriction against a name change by a woman upon divorce
   judgment if such change is sought with a fraudulent or evil
   intent applies only to the adoption of "another surname", other
   than her birth name or the surname she bore prior to her
   marriage to her husband in the divorce, and such restriction
   does not apply back to all circumstances in which a name may
   be changed (MCLA 552.391; MSA 25.181).*

9. DIVORCE—NAMES—NAME CHANGES—LEGISLATURE—LEGISLATIVE
   INTENT—JUDGE'S DISCRETION—STATUTES.

   *The Legislature intended to recognize the right of a judge to use
   his discretion to protect the interests of minor children where*

the children's mother seeks a change of name by her divorce judgment; such intention is indicated by the retention of the discretionary word "may" and by the form, punctuation and placement of phrases in the statute regarding such name changes (MCLA 552.391; MSA 25.181).

10. DIVORCE—NAMES—NAME CHANGES—JUDGE'S DISCRETION—MINORS.

Restoration of use of the birth name of a mother is discretionary with the judge where the mother seeks a change of name by her divorce judgment; such discretion is not abused where the judge holds that the best interests of the children involved requires a denial of the requested name change.

Appeal from Oakland, Arthur E. Moore, J. Submitted June 7, 1976, at Lansing. (Docket No. 26085.) Decided September 8, 1976.

Complaint by Jeanette Piotrowski against Walter Piotrowski for divorce. Judgment for plaintiff but plaintiff's request for restoration of her maiden name denied. Plaintiff appeals. Reversed and remanded for an order to restore to plaintiff her maiden name.

*Martz, Solner, McGuire & Fitzpatrick,* for plaintiff.

*Yuille, Zeleznik, Plourde & Russell,* for defendant.

Before: BASHARA, P. J., and M. F. CAVANAGH and D. T. ANDERSON,* JJ.

M. F. CAVANAGH, J. Plaintiff appeals from a judgment of divorce of September 24, 1975, and claims error in the trial court's denial of plaintiff's request to have her maiden name restored.

Under the common law a person may adopt any

---

* Circuit judge, sitting on the Court of Appeals by assignment.

name he or she wishes, without resort to any court and without any legal proceedings, provided it is not done for fraudulent purposes. See *Kruzel v Podell,* 67 Wis 2d 138, 151; 226 NW2d 458, 464 (1975), *Petition of Hauptly,* — Ind App —; 312 NE2d 857, 859 (1974), *Egner v Egner,* 133 NJ Super 403, 406; 337 A2d 46, 48 (1975), *Application of Lawrence,* 133 NJ Super 408, 411; 337 A2d 49, 51 (1975), *In re Marriage of Banks,* 42 Cal App 3d 631, 637; 117 Cal Rptr 37, 41 (1974), *Application of Halligan,* 46 App Div 2d 170, 171; 361 NYS2d 458, 459 (1974). There is no requirement that any person ·go through the courts to establish a legal change of name. Thus, even if a woman changes her name upon marriage, there is nothing which forbids her from changing her name back to her maiden name, or any other name, provided it is not done with fraudulent intent.

In Michigan, as in most states, a statute authorizes procedures by which a court can, upon petition, change the name of any person. MCLA 711.1; MSA 27.3178(561). Such change of name statutes do not abrogate or supersede the common law. To the contrary, they affirm the common law right and afford an additional method by which a name change may be effected as a matter of public record. *Kruzel v Podell, supra, Petition of Hauptly, supra, Egner v Egner, supra, Application of Lawrence, supra, In re Marriage of Banks, supra, Application of Halligan, supra.*

Another Michigan statute—directly at issue here—authorizes the circuit courts, whenever a divorce is granted, to change the woman's name, at her instance.

"The circuit courts of this state, whenever a decree of divorce is granted, may, at the instance of the woman, whether complainant or defendant, decree to restore to

her her birth name, or the surname she legally bore prior to her marriage to the husband in the divorce action, or allow her to adopt another surname if the change is not sought with any fraudulent or evil intent." MCLA 552.391; MSA 25.181.

The use of the word "may" would indicate that the court is empowered to decree the name restoration, with the only restriction being the common law one, that the change not be with any fraudulent or evil intent.

In the instant case the judge refused plaintiff's request because there was a child and, if plaintiff's request were granted, the mother would have a different name from the child's.

"*The Court:* I do not think she should change her name if there is a child.

"*Mr. McGuire [Plaintiff's Counsel]:* The statute allows the party to change.

"*The Court:* It is permissive.

"*Mr. McGuire:* Yes, it is permissive.

"*The Court:* I do not think I should. I think the child should be able to go by the name of its parents.

"*Mr. McGuire:* Your Honor, I am not asking for the child's name to be changed.

"*The Court:* I know that, but you will have a mother with a different name than the child. The mother probably is going to have custody.

"*Mr. McGuire:* I would assume so.

"*The Court:* I think she ought to keep the same name as her child. You don't get into all that trouble about going to school and so forth."

Prior to amendment in 1975 of MCLA 552.391; MSA 25.181 by 1975 PA 40, the statute contained a proviso that it did not apply when there was a minor child or children. The amended statute does not contain that proviso and we therefore presume

that its exclusion was intended to make the statute applicable whether or not a minor child was involved.

Under the statute a request like the instant one is addressed to the statutorily limited discretion of the circuit court. The exercise of that discretion must be based on reason and on evidence. The circumstance that there is a minor child is not enough to support denial of the request. Speculation as to possible embarrassment to, confusion or harassment of, or harmful effect on the child or children due to the mother having a different name is not sufficient either. *Egner v Egner, supra, In re Marriage of Banks, supra,* also, *Petition of Hauptly, supra.* Denial of the request was an improper exercise of the court's discretion.

We have reviewed the three other issues raised by appellant. They relate to certain support and property settlement provisions contained in the judgment of divorce, matters within the discretion of the trial court. We find no abuse of this discretion.

Reversed and remanded for a decree to restore to plaintiff her maiden name. No costs, neither party having prevailed in full.

Bashara, P. J., concurred.

D. T. Anderson, J. *(concurring in part, dissenting in part).* The statutory revision of MCLA 552.391; MSA 25.181 by 1975 PA 40 removed the absolute bar to a name change where there were minor children. However, the statute imposed a new restriction applicable only to adoption of "another surname" (other than her birth name or surname she bore prior to her marriage to her husband in the divorce). The new restriction im-

posed was, "if the change is not sought with any fraudulent or evil intent".

That phrase is not set off in a separate clause, which would permit its application back to all circumstances in which a name may be changed, but is applicable only to adoption of "another surname".

In my opinion it was not the intent of the Legislature to mandate a change of name by divorce judgment whenever a woman prays for it. It is not uncommon for a divorced woman to be so vengeful or bitter at the time of divorce that she seeks complete disassociation from her former husband's name, without consideration of future consequence.

The Legislature added the new phrase to protect third parties from fraudulent or evil intentions. By the retention of the discretionary word "may" and by the form, punctuation and placement of phrases, the Legislature intended to recognize the right of the judge to use his discretion to protect the interests of the minor children in appropriate cases. It is inconceivable that the Legislature would intentionally derogate the right and duty of the judge to protect the interests of children of divorced parents.

The issue of restoration of use of the birth name was discretionary with the judge. He did not abuse his discretion. He acted in what he though was the best interest of the children.

The judgment should be affirmed as to this issue.

I concur in the affirmance on the other issues.