Lavana BROWN, Appellant,

v.

James BROWN, Appellee.

No. 12184.

District of Columbia Court of Appeals.

Submitted Oct. 6, 1977.

Decided Nov. 21, 1977.*

David Florin, law student counsel (LS # 1344) and David V. Marshall, Supervising Atty., Washington, D. C., were on the brief, for appellant.

A. Slater Clarke, Washington, D. C., entered an appearance, for appellee.

Before NEWMAN, Chief Judge and NEBEKER and YEAGLEY, Associate Judges.

PER CURIAM:

In this appeal from a judgment of divorce, appellant claims that the trial court erred in denying her request that her maiden name be restored. We agree and remand to the trial court with directions that appellant's maiden name be restored.

Under the common law, any adult or emancipated person could change his or her name at will, without any legal proceedings, simply by adopting another name, as long as he did not do so for a fraudulent or criminal purpose. See *Piotrowski v. Piotrowski,* 71 Mich.App. 213, 247 N.W.2d 354, 355 (1976); *Kruzel v. Podell,* 67 Wis.2d 138, 151, 226 N.W.2d 458, 464 (1975); *Petition of Hauptly,* 262 Ind. 150, 312 N.E.2d 857, 859 (1974); *Egner v. Egner,* 133 N.J.Super. 403, 406, 337 A.2d 46, 48 (1975); *Application of Lawrence,* 133 N.J.Super. 408, 411, 337 A.2d 49, 51 (1975); *Application of Halligan,* 46 A.D.2d 170, 171, 361 N.Y.S.2d 458, 459 (1974). In the District of Columbia, as in most other jurisdictions, there is a statute which sets forth a procedure by which a person can petition a court for a change of name. D.C.Code 1973, § 16–2501 *et seq.* Although there are no cases in this jurisdic-

* This opinion supersedes the opinion released on November 21, 1977.

tion interpreting that provision, it is generally held that such statutes do not abrogate the common law right. *See* 57 Am.Jur.2d *Name* § 4 (1971). To the contrary, they provide an additional method by which a name change may be accomplished. *Id.* The use of a statute such as § 16–2501 *et seq.* has advantages in that it is "speedy, definite and a matter of record, so as to be easily proved even after the death of all contemporaneous witnesses." Annot., 110 A.L.R. 219 (1937).

In the case of a married woman, even if she changes her name upon marriage, there is nothing which forbids her from changing it back to her maiden name, as long as she does not do so for criminal or fraudulent purposes. *Piotrowski v. Piotrowski, supra* at 214, 247 N.W.2d at 355; *Custer v. Bonadies,* 30 Conn.Supp. 385, 318 A.2d 639 (1974); *Application of Halligan, supra; Petition of Hauptly, supra,* 312 N.E.2d at 860.

The District of Columbia statute at issue here, D.C.Code 1973, § 16–915 (Supp. IV 1977) provides:

> Upon divorce from the bond of marriage, the court shall, on request of a party who assumed a new name on marriage and desires to discontinue using it, state in the decree of divorce either the birth-given or other previous name which such person desires to use.

Here, the trial court denied appellant's request that her maiden name be restored on the grounds that the change would be contrary to the best interests of her two children.[1] Underlying the judge's ruling is an interpretation of § 16–915 which places restrictions on a married woman's right to change her name. This interpretation is contrary to the plain language of the statute directing that the trial court restore a person's "birth-given or other previous name."

Unlike the earlier version of § 16–915 which was repealed by the Anti-Sex Discriminatory Language Act (D.C.Law 1–87, effective October 1, 1976),[2] the present law does not leave the decision of whether the divorce decree should authorize restoration of the prior name to the discretion of the trial court. In its present form, § 16–915 recognizes the common law right of a married woman to change her name back to her maiden or previously used name, and provides a mechanism by which the woman may exercise her right at the time of divorce and record the name change without filing a separate action under § 16–2501 *et seq.* In short, § 16–915 provides an efficient procedure through which a woman may exercise her common law right at the time of divorce.

The case is remanded and the trial court is directed to restore to appellant her maiden name.

*So ordered.*

---

1. During the hearing below, when the counsel for plaintiff wife initiated questioning concerning her maiden name the court commented:

   You might as well leave maiden name out of it. The two children, I would never approve her trying to assume her maiden name. No, sir. That's detrimental to the children. . . I think it is in the best interest of the children for Momma to remain with the same name.

2. The earlier version, D.C.Code 1973, § 16–915, provided:

   In granting a divorce from the bond of marriage, the court may restore to the wife her maiden or other previous name.