Deborah Suzanne SNEED, Appellant,

v.

Bradley Ray SNEED, Appellee.

No. 51404.

Supreme Court of Oklahoma.

Oct. 24, 1978.

Cathy L. M. Pranter, Enid, for appellant.

HODGES, Chief Justice.

This is an appeal from an uncontested application for restoration of the maiden name of the plaintiff in a contested divorce proceeding. Appellant, Deborah Suzanne Sneed, seeks appellate review of the refusal of the district court to restore her maiden name to Deborah Suzanne Cray because she had a minor child.[1]

Appellant asserts on appeal that the trial court erred in its refusal to comply with 12 O.S.1976 Supp. § 1278 which provides in pertinent part:

"When a divorce is granted, the wife *shall* be restored to her maiden name or former name if she so desires . . ." [Emphasis supplied]

The statute clearly and unambiguously uses the word "shall." In the construction of statutes, "shall" is usually given its common meaning of "must." It is interpreted as implying a command or mandate.[2] The statute does not leave the decision of whether the divorce decree should authorize restoration of the maiden name to the discretion of the trial court. It recognizes the common law right of a married woman to change her name back to her maiden, or previously used name. An effi-

---

1. Although no attempt was being made to change the child's name, the trial court refused to comply with the statutory provisions. The court stated its reason for refusal as follows:

"The reason I take the attitude on change of name where a child is involved, that the father has some constitutional rights that his child shall go by that name and that the mother should also go by the name, identifies the mother with the child. She is the parent and he is the father. I don't think it's proper at all and have never allowed it. Now, if you want to come in on a separate application to the court to change your name and your child's, you are at liberty to do that. I don't think divorce courts should do that at all."

2. *Oklahoma Alcoholic Beverage Control Bd. v. Moss,* 509 P.2d 666, 668 (Okl.1973). In *State v.*

*Hunt,* 286 P.2d 1088, 1090 (Okl.1955) this court defined the word shall. The Court said:

"In common, or ordinary parlance, and in its ordinary signification, the term 'shall' is a word of command, and one which has always, or which must be given a compulsory meaning; as denoting obligation. It has a peremptory meaning, and it is generally imperative or mandatory. It has the invariable significance of excluding the idea of discretion, and has the significance of operating to impose a duty which may be enforced, particularly if public policy is in favor of this meaning or when addressed to public officials or where the public or persons have rights which ought to be exercised or enforced, unless a contrary intent appears; but the context ought to be very strongly persuasive before it is softened into mere permission."

cient mechanism is statutorily provided by which a woman may exercise her right at the time of divorce without filing a separate action [3] under the Oklahoma Change of Name Act, 12 O.S.1971 §§ 1631–1640.

▉ Under the common law, any adult or emancipated person could change his or her name at will, without any legal proceedings, by simply adopting another name. This right was generally conditioned only on the absence of illegal or fraudulent purpose.[4] The Oklahoma Change of Name Act is now the exclusive method for change of name except by marriage, decree of divorce or by adoption,[5] and codifies the common law condition that the name not be changed for any illegal or fraudulent purpose.[6]

At common law a married woman was not compelled to adopt her husband's surname. A married woman acquired her husband's surname by repute as a matter of custom. A married woman's assumption of her husband's surname was "in fact, rather than in law" a consequence of her marriage.[7] The jurisdictions in the United States are in disagreement. Some support the proposition that upon marriage a woman acquires her husband's surname as a matter of law, while others adopt the view taken by the English courts.[8] However, no state statute requires that a woman assume the surname of her husband upon marriage.[9]

▉ It is no longer unusual for a married woman to continue to utilize her maiden name and not that of her spouse,[10] and because twenty-five percent of all marriages in a given year involve previously married people it is not an unusual occurrence to have children and parents living together with different last names.[11] The fact that at some stage in a marriage a child is born does not operate to deprive the wife of the use of her preconjugal name.[12]

3. *Brown v. Brown,* 384 A.2d 632, 633 (D.C.App. 1977).

4. See *Ogle v. Circuit Court; Tenth (now Sixth) Judicial District,* 227 N.W.2d 621, 624 (S.D. 1975); *Klein v. Klein,* 36 Md.App. 177, 373 A.2d 86, 88 (Md.App.1977); *Brown v. Brown,* 384 A.2d 632 (D.C.App.1977), for cited authorities.

5. It is provided by 12 O.S.1971 § 1637:
   "After the effective date of this Act, no natural person in this state may change his or her name except as provided in Sections 1 to 5 inclusive of this Act, other than by marriage or decree of divorce or by adoption."

6. Title 12 O.S.1971 § 1636 provides:
   "Any person who obtains a judgment under this Act, willfully intending to use the same for any illegal or fraudulent purpose, or who thereafter willfully and intentionally uses such judgment, or a copy thereof, for any illegal or fraudulent purpose, shall be deemed guilty of a misdemeanor."

7. See *Kruzel v. Podell,* 67 Wis.2d 138, 226 N.W.2d 458, 461 (1975), 67 A.L.R.3d 1266 citing 19 Halsbury's Laws of England, Husband and Wife, § 1350, p. 829 (3d ed. 1957).

8. See Annot., "Right of Married Woman To Use Maiden Surname," 67 A.L.R.3d 1266, 1270 (1975) for cited authorities.

9. P. Gorenze, "Women's Name Rights," 59 Marq.L.Rev. 876, 885 (1976). Hawaii Rev.Stat. § 574–1 (1975) provides that each married party is allowed to declare the surname each will use as a married person. It may be the person's own surname, the spouse's surname, or an hyphenated combination of the two.

10. *Stuart v. Board of Supervisors,* 266 Md. 440, 295 A.2d 223 (1972).

11. *West v. Wright,* 263 Md. 297, 302, 283 A.2d 401, 404 (1971).

12. *Klein v. Klein,* p. 89, supra. The Washington Supreme Court in *Doe v. Dunning,* 87 Wash.2d 50, 549 P.2d 1, 3 (1976) held there is no legal impediment which would prevent married parents from giving the child the mother's surname. The Court said:
   As more women exercise their right to retain their own surname after marriage, the likelihood that children will be given a surname other than the paternal surname increases. There are generally no statutes requiring married parents to give their child the father's surname; although customarily parents do, they have a choice and can freely exercise it. Lamber, *A Married Woman's Surname: Is Custom Law?, supra,* at 804, 805. One function of the "family" name is to identify those persons who live in an economic and social unit. This purpose is not served if the father's surname is given to a child who does not live with him. See Krause, *Illegitimacy: Law and Social Policy* 98 (1971). Property and inheritance are also factors which may lead to the use of the mother's surname. Historically, it was not uncommon for children to take the mother's

The refusal of the trial court to restore the maiden name of the appellant because she had minor children was considered in *Piotrowski v. Piotrowski,* 71 Mich.App. 213, 247 N.W.2d 354, 356 (1976). Although the statute is similar in other respects, the Michigan statute used "may" rather than "shall." The Michigan Court of Appeals held it was an abuse of discretion for the trial court to refuse to restore the divorced wife's maiden name even though minor children were involved.[13]

 The trial court erred in its denial of appellant's request to restore her maiden name. There is no reason for a divorced person to be forced to undergo the unnecessary expense of complying with the Oklahoma Change of Name Act because the applicable statute, 12 O.S.1976 Supp. § 1278 expressly mandates the restoration of the maiden name, and 12 O.S.1971 § 1637 specifically provides a name may be changed by a decree of divorce.

Appellant has filed her brief-in-chief in compliance with the rules of this Court. Appellee failed to file an answer brief and was directed to show cause why the cause should not be submitted for adjudication on the brief-in-chief. No response was made, and the Court ordered the cause submitted for adjudication on the brief-in-chief.

 Where no answer brief is filed, and the omission is unexcused, this Court is under no duty to search the record for some theory to sustain the trial court judgment, and will, ordinarily, where the brief-in-chief is reasonably supportive of the allegations of error, reverse the appealed judgment with appropriate directions.[14]

The cause is reversed and remanded with directions to restore appellant's maiden name.

All the Justices concur.

---

surname where she owned the most property or had the largest estate. Reany, *Origins of English Surnames* 84, 85 (1967). Cultural heritage may also be a relevant consideration, for example, persons of Spanish ancestry often use both parents' surnames as the surname of the child. E. Smith, *The Story of Our Names* 134 (1970).

**13.** The Vermont Supreme Court in *Elwell v. Elwell,* 132 Vt. 73, 313 A.2d 394, 395 (1973) found that the fact minor children would have

a different name from the father was not sufficient to deny restoration of appellant's maiden name. See also *Brown v. Brown, supra, Klein v. Klein, supra,* and *In re Marriage of Banks,* 42 Cal.App.3d 631, 117 Cal.Rptr. 37, 42 (1974) for similar holdings.

**14.** *Harvey v. Hall,* 471 P.2d 911 (Okl.1970); *Cullison v. Triplett,* 281 P.2d 743 (Okl.1955); *Jenkins v. Thompson,* 207 Okl. 451, 250 P.2d 433 (1953).