**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Forrest Richard COX,
Defendant-Appellant.**

No. 78–5251.

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 29, 1978.
Decided Feb. 26, 1979.

Gershwin A. Drain, Kenneth R. Sasse, F. Randall Karfonta, Detroit, Mich., for defendant-appellant.

James K. Robinson, U. S. Atty., Kenneth J. Haber, Asst. U. S. Atty., Detroit, Mich., for plaintiff-appellee.

Before LIVELY, Circuit Judge, and PHILLIPS and PECK, Senior Circuit Judges.

LIVELY, Circuit Judge.

The defendant appeals from his conviction, after a jury trial, for making a false statement in an application for a passport in violation of 18 U.S.C. § 1542 (1976).[1] The indictment stated the charge upon which the conviction was based as follows:

That on or about March 11, 1975, in the Eastern District of Michigan, Southern Division, FORREST RICHARD COX, JR., defendant herein, willfully, unlawfully and knowingly did make and aid and abet in the making of a false statement in an application for a passport with intent to induce and secure for his own use the issuance thereof under the authority of the United States, contrary to the laws regulating the issuance of such passports and the rules prescribed pursuant to such laws, in that, in such application, executed at Detroit, Michigan, in the name of "Carl Richard Stein", Forrest Richard Cox, Jr., defendant herein, stated and caused to be stated that his name was "Carl Richard Stein" whereas in truth and fact, as he then knew, his name was not "Carl Richard Stein"; in violation of Section 1542 and 2, Title 18, United States Code.

1. § 1542. False statement in application and use of passport

Whoever willfully and knowingly makes any false statement in an application for passport with intent to induce or secure the issuance of a passport under the authority of the United States, either for his own use or the use of another, contrary to the laws regulating the issuance of passports or the rules prescribed pursuant to such laws; or

Whoever willfully and knowingly uses or attempts to use, or furnishes to another for use any passport the issue of which was secured in any way by reason of any false statement—

Shall be fined not more than $2,000 or imprisoned not more than five years, or both.

Two other charges related to use of the name Carl Richard Stein were dismissed on motion of the government prior to trial.

The evidence introduced by the government proved two things: that the defendant was employed by the City of Detroit under the name Forrest Richard Cox and that he applied for a passport under the name Carl Richard Stein. His supervisor, a city personnel officer and several fellow employees all identified the defendant as Cox. At least one of these witnesses stated that she had also known the defendant to use a Muslim name on occasion.

The defendant took the stand and admitted making the passport application in the name of Stein. He testified he knew that athletes and entertainment personalities commonly adopted assumed names and that he thought there was nothing wrong in his doing it as well. The defendant explained that he had become interested in establishing a business of making hand tooled leather bags and that he assumed the name in furtherance of that ambition. He related that he had been convicted of a felony (grand larceny) seven years earlier while he was a college student and that he wanted to create a new identity, free of the stigma of his conviction. He stated that he had no other convictions and felt he was entitled to start over. He obtained a new driver's license and a new social security card in the name of Carl Richard Stein and established credit in that name with one or more Detroit financial institutions. On cross-examination the defendant testified that he had never filed for "an assumed name change" and had never registered his business under an assumed name.

At the conclusion of all the evidence counsel for the defendant made a motion for a judgment of acquittal. Though the record with respect to this motion does not appear to be complete, the thrust of the defense argument in support of the motion was that the only material question on the passport application relates to the citizenship of the applicant, a question which was answered truthfully in this case. The district court denied the motion, holding that it "would be a material false statement in connection with a passport application" if a person applied "in a name other than your own" and supplied documentation in support of that name.

■ A motion for acquittal pursuant to Rule 29, Fed.R.Crim.P., takes the place of a motion for directed verdict and raises the question of whether the evidence is sufficient to support a verdict. As the court pointed out in *United States v. Jones*, 174 F.2d 746, 748 (7th Cir. 1949), a motion for acquittal "is a challenge to the Government in the presence of the court that the Government has failed in its proof. The motion is not required by the rules to be in writing or to specify the grounds therefor." We conclude that the issue of sufficiency of the evidence was properly before the court.

■ The gravamen of the offense denounced in section 1542 is the making of a false statement. The securing or use of a passport is only made criminal if false statements are proven to have been involved in its procurement. "If the misrepresentation is withdrawn nothing culpable remains in the use." *Browder v. United States*, 312 U.S. 335, 337, 61 S.Ct. 599, 601, 85 L.Ed. 862 (1941). The question to be answered is whether the defendant in this case made a false statement in his application by using the name Carl Richard Stein.

■ Under the law of Michigan, where the defendant had lived since infancy except while away in college, a person may adopt any name he chooses, as at common law. In *Piotrowski v. Piotrowski*, 71 Mich. App. 213, 215–16, 247 N.W.2d 354, 355 (1976), the court stated this rule as follows:

> Under the common law a person may adopt any name he or she wishes, without resort to any court and without any legal proceedings, provided it is not done for fraudulent purposes.

The statutory name change procedure in Michigan, M.C.L.A. § 711.1, is not exclusive; it merely provides an additional method for effecting a name change as a matter of public record. 71 Mich.App. at 216, 247 N.W.2d 354. There was no showing that the defendant assumed the name Stein for fraudulent purposes. In the absence of such proof he was legally entitled to use that name as his own.

It is interesting to note that regulations of the Department of State recognize that a name may be changed without court action. The following appears in Subpart B of passport regulations:

An applicant whose name has been changed by court order or decree shall submit with his application a certified copy of the order or decree. *An applicant who has changed his name by the adoption of a new name without formal court proceedings shall submit with his application evidence that he has publicly and exclusively used the adopted name over a long period of time.*

22 CFR § 51.24 (1977). (emphasis added). The record does not disclose whether or not the defendant complied with this regulation. That is immaterial to the decision of this case. Since the Department of State may have a legitimate interest in learning whether applicants for passports have changed their names at some time, failure to supply the information required by § 51.24 might be grounds for refusing to issue a passport. However, this failure would not make the applicant guilty of violating section 1542 unless the name was not legally adopted.

The court has not overlooked the fact that federal law controls the meaning of the language used in this federal statute. However, the statute does not define "false statement" with respect to use of a legally assumed name which is different from the name given at birth, and there appears to be no decisional authority from federal courts on the subject. In such a situation we apply two widely accepted rules of statutory construction. The first is that criminal statutes are to be strictly construed. The second rule is that statutes are to be interpreted with reference to the common law and where there is no indication to the contrary, given their common law meaning. *United States v. Monasterski,* 567 F.2d 677, 681–82 (6th Cir. 1977). Applying these principles to section 1542 we conclude that it is not violated by one who lists a legally adopted name on a passport application. The term "false statement," strictly con-

strued, cannot be held to include use of a legally adopted name. Under the common law a person may freely change his or her name without any legal formalities. Thus, application of both rules of statutory construction leads to the conclusion that there was no evidence that the defendant made a false statement on his passport application.

Rule 29, Fed.R.Crim.P., states in part:

The court on motion of a defendant or of its own motion shall order the entry of judgment of acquittal of one or more offenses charged in the indictment or information after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses.

The district court should have granted the defendant's motion for judgment of acquittal since the evidence did not sustain a conviction for the offense of making a false statement on a passport application.

The judgment of the district court is reversed. The cause is remanded with direction to dismiss the indictment.