OPINION — AG — THE OKLAHOMA LAW ENFORCEMENT RETIREMENT BOARD MUST ESTABLISH RULES AND REGULATIONS PURSUANT TO THE ADMINISTRATION PROCEDURES ACT, FOLLOWING THE GENERAL GUIDELINES OF 75 O.S. 1971 251 [75-251] SEQ., AND 75 O.S. 1971 301 [75-301] ET SEQ.; THAT MEMBERSHIP IS MANDATORY, AND THAT THE BOARD MAY NOT REQUIRE A PHYSICAL EXAMINATION IN CONJUNCTION WITH THE INITIAL MEMBERSHIP APPLICATION. CITE: 75 O.S. 1971 251 [75-251], 75 O.S. 1971 256 [75-256], 47 O.S. 1975 Supp., 2-301 [47-2-301], 47 O.S. 1975 Supp., 2-302 [47-2-302] (MOTOR VEHICLES) (C. ELAINE ALEXANDER) FILENAME: m0012567 James A. Sardis Oklahoma Law Enforcement Retirement Board Attorney General of Oklahoma — Opinion December 2, 1980
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following questions: 1. Is the Oklahoma Law Enforcement Retirement Board required to establish and publish rules and regulations pursuant to the Administrative Procedures Act and what procedures are to be followed? 2. Has Senate Bill 266, Laws 1980, c. 357, 6, amended 47 O.S. 2-302 [47-2-302] (1971), to render membership mandatory for all employees eligible for membership? 3. Does the Board have the authority to require each applicant to submit to a complete physical examination when the initial application for membership is filed? Title 75 O.S. 251 [75-251] (1971), requires every agency that possesses rule-making powers to file a certified original and one duplicate copy of all its rules and regulations with the Secretary of State. This Board has been held to be subject to the provisions of the Administrative Procedures Act, 75 O.S. 301 [75-301] (1971) et seq., in Isbell v. State ex rel. The Retirement and Pension Board of the Department of Public Safety, Okl., 603 P.2d 758
(1979). The Oklahoma Supreme Court has ruled, in Adams v. Professional Practices Commission, Okl., 524 P.2d 932
(1974), that it is necessary and proper for administrative agencies to adopt rules regarding the rights of parties, as well as the procedure to be followed, with regard to hearings before an agency. The Court further held that because no rules had been adopted by the Professional Practices Commission it had no authority to conduct a hearing until such time as it had complied with the Administrative Procedures Act. Therefore, in answer to your first question, the Oklahoma Law Enforcement Retirement Board must establish rules and regulations in compliance with the Administrative Procedures Act and all actions by the Board are voidable until compliance has occurred. As for procedures to be followed, 75 O.S. 251 [75-251] through 75 O.S. 256 [75-256] (1971), establishes the guidelines for adoption of rules and regulations by state agencies. See also Cox, "The Oklahoma Administrative Procedures Act: 15 Years of Interpretation," 31 Okla. L. Rev. 886 (1978). In answer to question two, Senate Bill 266 amended 47 O.S. 2-302 [47-2-302] (1975), in pertinent part from: "Any duly enrolled member of the Department of Public Safety . . . may make application for membership to the Plan . . . and may continue thereafter as a member . . ." (Emphasis added) "Any person eligible to become a member of the System shall file a written application . . . and shall continue thereafter as a member . . . ." (Emphasis added) The use of the word "shall" in SB 266 in place of the word "may" in amending 47 O.S. 2-302 [47-2-302] (1975), renders membership mandatory when eligibility requirements are met. Sneed v. Sneed, Okl., 585 P.2d 1363 (1978). Therefore, in answer to your second question, the amendment of 47 O.S. 2-302 [47-2-302] (1975), by SB 266 rendered the membership in the Oklahoma Law Enforcement Retirement System mandatory for all eligible employees. In answer to your third question, 47 O.S. 2-302 [47-2-302] as amended by SB 266 states: "Any person eligible to become a member of the System shall file a written application therefor with the Board, and shall continue thereafter as a member of the System so long as the employee meets membership requirements . . . ." (Emphasis added) Just as membership is mandatory upon the employee, the Board has no discretion to refuse membership, even upon a finding of physical or mental unfitness, age, or any other infirmity, if membership requirements are met. Section 47 O.S. 2-301 [47-2-301], subsection 4(5), as amended by SB 266, defines a member as: " 'Member' means all law enforcement officers of the Oklahoma Highway Patrol, the Oklahoma State Bureau of Investigation and the Oklahoma State Bureau of Narcotics and Dangerous Drugs Control designated to perform duties in the investigation and prevention of crime and the enforcement of the criminal laws of this State, and drivers license examiners and members of the Communication Division of the Oklahoma Department of Public Safety;" This Board, therefore, is without the authorization to disallow a membership application if the employee is in one of the designated membership groups and cannot require a physical at the time of initial application. It is, therefore, the official opinion of the Attorney General that the Oklahoma Law Enforcement Retirement Board must establish rules and regulations pursuant to the Administrative Procedures Act, following the general guidelines of 75 O.S. 251 [75-251] et seq. and 75 O.S. 301 [75-301] et seq.; that membership is mandatory, and that the Board may not require a physical examination in conjunction with the initial membership application. (C. Elaine Alexander)