You have asked for an unofficial opinion concerning the potential liability for paying an invoice received from Office of Personnel Management pursuant to 74 O.S. 840.14(A) (1991). As state employees, you or members of your staff cannot be held liable for action taken pursuant to a statutory mandate.
Section 840.14(A) reads in pertinent part:
 "The administrative expenses and costs of operating the Merit Protection System" shall be paid by the various divisions of the state government included within the Merit System, and each such agency shall be authorized to include in its budget its pro rata share of such costs, and shall remit such shares quarterly from department or agency funds to the Office of Personnel Management who shall deposit such shares to the credit of the General Revenue Fund of the State Treasury."
It thus appears that the answer to your question turns on whether the above-referenced statute mandates payment by your agency of monies into the Merit System Expense Fund.
The fundamental rule of statutory construction is to ascertain and, if possible, give effect to the intention and purpose of the Legislature as expressed in the statute. Jackson v. Independent School Dist. No. 16 of Payne County,648 P.2d 26 (Okla. 1982). the construction of statutes, "shall" is usually given its common meaning of "must".
It is interpreted as employing a command or mandate. Sneed v. Sneed, 585 P.2d 1363 (Okla. 1978).
In reading 74 o.s. 840.14(A), it is clear that the use of the term "shall" in this instance is mandatory and requires the payment of funds to the Merit System to the extent that an agency is part of that system. Therefore, if this agency is employing individuals who fall under the Merit System, the agency must pay its pro rata share into the fund described in 74 O.S. 840.14(A) (1991).
In addition, you have cited 59 O.S. 396.14 (1991) as being in conflict with 74 O.S. 1991, 840.14(A). Section 396.14 requires that ten percent (10%) of the funds collected by the Board be placed in the general fund of the State, whereas 74 o.s. 840.14(A) requires each agency that employs merit employees to pay its pro rata share into the Merit System Fund.
It is a long standing rule of construction in this jurisdiction that where there are two statutory provisions, one of which is specific and clearly includes the matter in controversy, and prescribes different rules and procedures from those in the general statute, the special statute, and not the general statute, applies. Southwestern Bell Co. v. Oklahoma Co., 618 P.2d 915, 919 (Okla. 1980). In the instant case, the statutory provision found in 74 O.S. 840.14(A) (1991) is a specific statute designed to provide for the operating costs of the Merit System. In this statute, each agency included within the Merit System is authorized and mandated to include in its budget estimates of its pro rata share of such cost. On the other hand, 59 O.S. 396.14 (1991) is a general statute designed to set forth the general authority of the Secretary/Treasurer as it relates to the collection and deposit of fees received by the Board.
Accordingly, it is the unofficial opinion of the undersigned attorney that because 74 O.S. 840.14(A) mandates that all agencies included within the Merit System pay their pro rata share in support of the Merit Protection System, there is no potential liability for the Executive Secretary/Treasurer or any other staff or board members if the invoice to the Office of Personnel Management is paid pursuant to 74 O.S. 840.14(A), since this agency's staff includes individuals who fall under the Merit System.
(Joseph L. McCormick)