**In re Peter Roberts PHILLIPS,
Appellant.**

No. 03–CV–699.

District of Columbia Court of Appeals.

Submitted March 10, 2005.

Decided April 7, 2005.

———

A.P. Pishevar, Rockville, MD, filed a brief for appellant.

Robert J. Spagnoletti, Attorney General for the District of Columbia, with whom Edward E. Schwab, Deputy Attorney General, and David A. Hyden, Assistant Attorney General, filed a brief for the District of Columbia.

John J. Brennan, III, Washington, DC, filed a brief for the Honorable Tim Murphy.

Before RUIZ and WASHINGTON, Associate Judges, and KERN, Senior Judge.

PER CURIAM:

On May 29, 2003, appellant, proceeding *pro se*, filed in the Civil Division of the trial court pursuant to D.C.Code §§ 16–2501 *et seq.* (2001) an Application for Change of Name. Appellant in the two-page printed Application form sought to change his name from Peter Robert Phillips to Jesus Christ and asserts: "A common law name change in D.C. was done previously." The record does contain the following documents that were attached to the Application: a photocopy of a United States Passport issued January 11, 2000, containing a photo, apparently of appellant, and depicting his name as "Jesus Christ;" a Social Security card issued by the Social Security Administration to and signed by "Jesus Christ;" and a District of Columbia Driver's License issued January 11, 2001, to "Jesus Christ" at his address in Northeast Washington; and a photocopy of a Florida birth certificate, recording the birth of Peter Robert Phillips, Jr. The birth date on the Florida birth certificate matches the birth date on the United States Passport as well as the District of Columbia driver's license issued to "Jesus Christ." Seven days later, on June 5th, the trial court denied appellant's request for an order of publication as well as the Application on the ground "that taking the name of Jesus Christ may provoke a violent reaction or may significantly offend people."

This court has stated that "[u]nder the common law, any adult or emancipated person could change his ... name at will, without any legal proceedings, simply by adopting another name, as long as he did not do so for a fraudulent or criminal purpose." *Brown v. Brown,* 384 A.2d 632, 632 (D.C.1977). We noted that "a statute which sets forth a procedure by which a person can petition a court for a change of name ... [does] not abrogate the common law right." We went on to state: "The use of a statute ... has advantages in that it is 'speedy, definite and a matter of record, so as to be easily proved even after the death of all contemporaneous witnesses.'" *Id.* at 632–33.

 The D.C. Code provides in §§ 16–2501 through –2503 a procedure for effecting a name change. Specifically, the statute requires the applicant to be a resident of the District, to set forth the name desired to be assumed and the reasons therefor, to file notice of the application and to publish such notice in a newspaper in general circulation once a week for three consecutive weeks. The statute authorizes the court to change the applicant's name "[o]n proof of the notice prescribed" and "upon a showing that the court deems satisfactory ...." D.C.Code § 16–2503.

The Superior Court has adopted Rule 205, denominated "Change of Name," which provides in subsection (b) that "[a]t the time of filing of an application for change of name, the Court shall (I) require the applicant to make a prima facie showing of the applicant's right to relief, (ii) set a date for the *final hearing,* and (iii) inquire who, if anyone, is entitled to notice of the application and of the *final hearing.* Notice of said *hearing,* together with a

copy of the application shall within 10 days thereafter be served personally upon the persons designated by the Court or shall be sent by the applicant ... by registered or certified mail ...." (Emphasis added.) Subsection (d) of Super. Ct. Civ. R. 205 provides in pertinent part: "A final *hearing* shall be held on a date set by the Court. Upon proof of notice ... the Court may enter an order changing the name of the applicant." (Emphasis added.)

 The record in this appeal does not reflect that a proof of publication was made and does not contain a transcript of any hearing that might have been held by the court.[1] We are constrained upon the record presented to vacate the trial court's Order and remand the appellant's Application for Change of Name to the trial court so that his Application can proceed and be determined in accordance with the dictates of the applicable statute and the rules of the Superior Court.

*So ordered.*

---

1. The record does contain a form statement regarding transcript upon which the box denominated "transcript has been ordered" is checked. However, the docket sheet in this court reflects an entry on October 8, 2003 that "No Hearing for RT Ordered/Refund given."