*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* A. R. WARSHEFSKI, also known as A. R. PIECHOTTE, Minor,

FOR PUBLICATION
January 21, 2020
9:10 a.m.

JOSEPH PIECHOTTE,

Petitioner-Appellee,

V

No. 346965
St. Clair Circuit Court
Family Division
LC No. 18-000482-NC

DEBRA S. WARSHEFSKI,

Respondent-Appellant.

Before: K. F. KELLY, P.J., and BORRELLO and SERVITTO, JJ.

BORRELLO, J.

Respondent, mother of AR Warshefski, a minor, appeals as of right the trial court's order granting AR Warshefski's petition to change his name. For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

On September 14, 2018, AR Warshefski filed a petition to change his name. On October 31, 2018, respondent filed an answer to the petition requesting that the trial court deny the petition. The trial court held a hearing on the petition on December 10, 2018. AR Warshefski explained that he was seeking to change his surname because all of the family who he maintains a relationship with has the surname "Piechotte," he lives with his father, Joseph Piechotte, and does not speak to respondent. Additionally, AR Warshefski stated that he would like to have the same name as his half siblings because he is the only one in his household with a different last name. After a review of the petition, the trial court appointed a lawyer guardian ad litem for AR Warshefski, who testified that AR Warshefski is 14 years old and his decision appears to be

-1-

logical and genuine. The trial court found that the statutory basis in MCL 711.1 had not been established, but ultimately granted the petition stating:

> I agree that the statutory basis under the applicable statute, MCL 333.2872[1] has not been established. There has been no contact whatsoever between Ms. Warshefski and [AR Warshefski] for apparently the last three years. But the second part of the test that the Legislature has deemed appropriate is for them to say that also there would have to be a failure for her to provide regular and substantial support, or to comply with the support order. The testimony from both these parties at the time I saw everybody the last time was that she had been supporting [AR Warshefski], paying her child support the way it's required. And so the statutory basis is not established.
>
> However, in Michigan there are common[-]law rights. There is caselaw that recognizes that this statute does not eliminate the common law with regard to name changes. So this Court also has the ability to make a name change if I believe that it would be in [AR Warshefski's] best interest for me to do so.
>
> This appeal then ensued.

## II. SUBJECT-MATTER JURISDICTION

On appeal, respondent brings two challenges to the trial court's ruling. Respondent's first argument on appeal is that the trial court's subject-matter jurisdiction was limited to the specific requirements of MCL 711.1, hence, the trial court did not have subject-matter jurisdiction to rule on a common law name change. For the reasons set forth below, we find no merit in this argument.

We first note that respondent did not cite any authority in support of this argument. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give issues cursory treatment with little or no citation of supporting authority." *Houghton ex rel Johnson v Keller*, 256 Mich App 336, 339-340; 662 NW2d 854 (2003) (citations omitted). "An appellant's failure to properly address the merits of his assertion of error constitutes abandonment of the issue." *Id*. However, in order to facilitate a final decision in this matter, we will address the issue despite respondent's failure to properly support her argument.

The issue of whether a court had subject-matter jurisdiction is a question of law which this Court reviews question of law de novo. *Atchison v Atchison*, 256 Mich App 531, 534; 664 NW2d 249 (2003). It is well established that " '[c]ircuit courts are courts of general jurisdiction.' " *In re Harper*, 302 Mich App 349, 352-353; 839 NW2d 44 (2013), quoting *Papas*

---

[1] It appears the trial court misspoke when it referenced MCL 333.2872 and, rather, intended to refer to MCL 711.1. MCL 333.2872 concerns the procedure for changing the surname of a child on a birth certificate.

*v Gaming Control Bd*, 257 Mich App 647, 657; 669 NW2d 326 (2003). "Subject-matter jurisdiction 'is the right of the court to exercise judicial power over a class of cases, not the particular case before it.' " *Teran v Rittley*, 313 Mich App 197, 205; 882 NW2d 181 (2015), quoting *Grebner v Oakland Co Clerk*, 220 Mich App 513, 516; 560 NW2d 351 (1996). It is the court's power to preside over the type or kind of case pending, not the power to determine the particular cause of action or particular facts before the court. *Id*.

Under MCL 600.605, the Michigan Legislature vested subject-matter jurisdiction in the circuit courts as follows:

> Circuit courts have original jurisdiction to hear and determine all civil claims and remedies, except where exclusive jurisdiction is given in the constitution or by statute to some other court or where the circuit courts are denied jurisdiction by the constitution or statutes of this state.

It is presumed that the circuit courts have subject-matter jurisdiction "unless jurisdiction is expressly prohibited or given to another court by constitution or statute." *In re Wayne Co Treasurer*, 265 Mich App 285, 291; 698 NW2d 879 (2005). MCL 600.1021(1)(d) grants the family division of the circuit court with sole and exclusive jurisdiction over cases involving a change of name as provided in chapter XI of the Probate Code, MCL 711.1 to MCL 711.3. MCL 711.1(1) grants the family division of the circuit court the authority to enter an order to change name.

This Court addressed a similar challenge to the circuit court's subject-matter jurisdiction to grant an adoption outside of the Probate Code in *Usitalo v Landon*, 299 Mich App 222, 228; 829 NW2d 359 (2012). In *Landon*, the appellant argued that the circuit court lacked subject-matter jurisdiction to grant a same-sex adoption because the Michigan Adoption Code did not provide for same-sex adoption. *Id*. at 229. The appellant furthered argued that the circuit court only had subject-matter jurisdiction to preside over adoptions granted pursuant to the Probate Code. *Id*. This Court held that the appellant's understanding of subject-matter jurisdiction was incorrect because "subject-matter jurisdiction concerns only a court's authority to exercise judicial power over broad classes of cases and does not consider particular cases with in the broad class." *Id*. at 230.

Respondent similarly argues that because MCL 600.1021(1)(d) grants the family division of the circuit court with jurisdiction over cases involving name changes granted pursuant to the Probate Code, the trial court lacked subject-matter jurisdiction to grant a common law name change. However, subject-matter jurisdiction concerns the court's authority to hear a broad class of cases. As was the case in *Landon*, respondent's argument conflates subject-matter jurisdiction with a court's exercise of its jurisdiction. The trial court's interpretation of whether petitioner maintained common law rights following a finding that MCL711.1 was inapplicable had no effect on whether the court continued to have subject-matter jurisdiction because a common law name change is within the same class of cases as a name change granted pursuant to the Probate Code.

This Court has previously held that MCL 711.1 does not abrogate or supersede the common law. In *Piotrowski v Piotrowski*, 71 Mich App 213, 217; 247 NW2d 354 (1976), this

Court held: "In Michigan, as in most states, a statute authorizes procedures by which a court can, upon petition, change the name of any person. MCLA 711.1; MSA 27.3178(561). Such change of name statutes do not abrogate or supersede the common law. To the contrary, they affirm the common law right and afford an additional method by which a name change may be effected as a matter of public record."

It is uncontested that subject-matter jurisdiction over common-law name changes has not been expressly conferred in any other court by the Michigan Legislature. It is further uncontested that circuit courts have never been expressly prohibited from granting common law name changes. Because MCL 711.1 does not abrogate or supersede the common law, the trial court has subject matter jurisdiction to hear and grant petitions for a name change under both MCL 711.1 and the common law. Accordingly, respondent is not entitled to relief on this issue.

### III. NAME CHANGE BASED ON COMMON LAW

Next, respondent argues that the trial court erred in granting the petition based on the common law because the trial court did not have the authority to "sua sponte" grant the petition under the common law after finding that the requirements in MCL 711.1 were not met.

This Court reviews a trial court's grant of a legal name change pursuant to MCL 711.1 for an abuse of discretion. *Rappleye v Rappleye*, 183 Mich App 396, 399; 454 NW2d 231 (1990). "An abuse of discretion occurs when the trial court chooses an outcome falling outside the range of principled outcomes." *Rettig v Rettig*, 322 Mich App 750, 754; 912 NW2d 877 (2018). However, the specific question of whether the trial court could properly grant a minor's name change under the common law, despite the petition being filed pursuant to MCL 711.1, is a question of law. This Court reviews questions of law de novo. *Eickelberg v Eickelberg*, 309 Mich App 694, 698; 871 NW2d 561 (2015).

As previously stated, this Court has long recognized two methods to effectuate a name change under Michigan law. *Piotrowski* at 216. An individual may adopt any name he or she wishes, without resort to any court or legal proceeding, provided it is not done for fraudulent purposes, under the common law. *Id*. Under the common law, and in the absence of fraud, a minor may also adopt any name he or she wishes provided they are of sufficient age and maturity to make an intelligent choice. *Rappleye*, 183 Mich App at 398.

Alternatively, an individual may petition the court for a name change pursuant to MCL 711.1. *Piotrowski*, 71 Mich App at 216. MCL 711.1(1) provides that the family division of the circuit court may enter an order to change the name of an individual who has been a resident of the country for at least one year and petitions the court in writing. The petition must demonstrate a "sufficient reason for the proposed change and that the change is not sought with a fraudulent intent." MCL 711.1(1). If the petitioner is a minor, the petition shall be signed by the minor's mother and father jointly or by one of the minor's parents if there is only one legal parent available to give consent. MCL 711.1(5).

If the minor is 14 years old or older, written consent to change name must be signed by the minor, in the presence of the court, and should be filed with the court before an order

changing the name of the minor is entered. MCL 711.1(5); MCR 3.613(B). MCL 711.1(7) provides, in relevant part:

[t]he name of a minor may be changed pursuant to subsection (5) or (6) with the consent or signature of the custodial parent upon notice to the noncustodial parent as provided in supreme court rule and after a hearing in either of the following circumstances:

(a) If both of the following occur:

(i) The other parent, having the ability to support or assist in supporting the child, has failed or neglected to provide regular and substantial support for the child or, if a support order has been entered, has failed to substantially comply with the order, for 2 years or more before the filing of the petition.

(ii) The other parent, having the ability to visit, contact, or communicate with the child, has regularly and substantially failed or neglected to do so for 2 years or more before the filing of the petition.

At the time of filing the petition, AR Warshefski was 14 years old. AR Warshefski signed the petition as the petitioner and Piechotte signed as the parent/guardian of AR Warshefski. After a hearing on the petition, the trial court had AR Warshefski sign a written consent form in the presence of the trial court in accordance with MCL 711.1(5) and MCR 3.613(B). As previously indicated the trial court then found that "the statutory basis under the applicable statute, [MCL711.1] has not been established."

Understandably, respondent does not take issue with the trial court's holding that the statutory requirements of MCL 711.1(7) were not met because, while respondent failed to visit, contact, or communicate with AR Warshefski, she had maintained her support obligations. What respondent does take issue with is the trial court's finding that petitioner maintained a common law right to a name change irrespective of the filing of a petition citing to MCL 711.1. However, contrary to respondent's assertions, this Court previously recognized that MCL 711.1 does not abrogate or supersede the common law, a holding which we deem important to reaffirm: "In Michigan, as in most states, a statute authorizes procedures by which a court can, upon petition, change the name of any person. MCLA 711.1; []. Such change of name statutes do not abrogate or supersede the common law. To the contrary, they affirm the common law right and afford an additional method by which a name change may be effected as a matter of public record." *Piotrowski*, 71 Mich App at 216.

Having established that petitioner maintained a common law right to a name change, the next issue we consider is whether the trial court provided a proper basis for granting the petition. In deciding whether to grant the petition, the trial court employed a "best interest test." While we note the dearth of case law on this point, this Court has stated that the trial court should look to the best interest test in deciding whether to grant a minor a legal name change. In *Rappleye* 183 Mich App at 399, this Court held: "[W]e cannot conclude on this record that the trial court abused its discretion by determining that it is in the minor child's best interest to allow her to continue using the name Gregory, if she so desires . . . . In the present case, the trial

court's decision was clearly based on the facts and on what was right and equitable under the circumstances." Recognizing this Court in *Rappleye* did not explicitly adopt the best interest test, this Court did so in *Garling v Spiering*, 203 Mich App 1, 4; 512 NW2d 12 (1993), stating: "Although admittedly this Court in *Rappleye* did not formally adopt the 'best interest' test for the purpose of resolving these types of disputes, we clearly approved of its use by our trial courts. In light of the specific issue raised in this case, we now hold that parental disputes regarding a child's surname should be resolved in accordance with the best interests of the child."

In accord with our holding in *Spiering*, here, the trial court employed the best interest test as its basis for granting the petition.

The trial court began its best interests test by pointing out that neither parent was able to agree on how to resolve the issue of AR's proper last name, and given the level of animosity that each parent still holds against the other, absent court intervention, the issue would never be resolved. The trial court appointed a lawyer guardian ad litem to interview the minor and inform the trial court of those discussions. The guardian ad litem testified that after interviewing AR, it was clear that AR wanted the name change because he identified with and lived with members of his father's family, all of whom had the last name of Piechotte. The trial court also found, after interviewing AR that given the length of time since he last had any contact with his mother---approximately three years---and the dearth of contact with his mother's family, AR identified as a member of the Piechotte family rather than a member of the Warshefski family. The trial court also found that AR lived in a household where everyone but him had the last name of Piechotte.

The record also reveals that the trial court gave all parties to these proceedings ample opportunities to state their particular reasons for granting or denying the petition. To ensure no undue influence was exerted over the minor child, the trial court appointed a lawyer guardian ad litem who testified before the trial court that there was no evidence AR was being manipulated or coerced into bringing a petition for a name change. From this record, we cannot assign any error to the trial court's factual findings, and we note that respondent has failed to establish a legally sufficient basis for a finding by this Court that the trial court committed any factual error.

Similarly, in its legal rulings, the trial court correctly held that MCL 711.1 was inapplicable because at the time of the filing of the petition, respondent was providing support for AR. The trial court next found, based on prior decisions by this Court, that statutory enactments such as MCL 711.1 did not abrogate common law rights to a name change. *Piotrowski*, 71 Mich App at 216. Next, by employing the best interest test in reaching its decision to grant the petition, the trial court followed prior rulings of this Court. *Spiering*, 203 Mich App at 4. On this record, we find no legal error. Accordingly, respondent is not entitled to relief.

Affirmed. Petitioner having prevailed in full may tax costs. MCR 7.219(A).

/s/ Stephen L. Borrello
/s/ Kirsten Frank Kelly
/s/ Deborah A. Servitto