Dear Superintendent of Public Education, Sandy Garrett,
¶ 0 This office has received your letter asking for an official Opinion in which you ask, in effect, the following questions:
1. Are school districts required to offer students all thecourses set forth in Enrolled House Bill 1759, 47th Legislature,1st Regular Session (H.B. 1759) to be codified at 70 O.S. Supp.1999, § 11-103.6[70-11-103.6]?
2. Are students with individual education plans (IEP's)developed pursuant to the Individuals With Disabilities EducationAct required to take all the mandated core curriculum coursesunder the provisions of H.B. 1759, section 1 subsection F, to becodified at 70 O.S. Supp. 1999, § 11-103.6(F)?
 3. Must charter schools offer the mandated core curriculumcourses required for graduation under the provisions of H.B.1759, sections 5-18, to be codified at 70 O.S. Supp. 1999, §§3-130-3-143?
 4. If a school district allows students to meet graduationrequirements through concurrent enrollment, is the schoolrequired to bear the cost of the course?
 I. ARE SCHOOL DISTRICTS REQUIRED TO OFFER STUDENTS ALL COURSES SET FORTH IN HOUSE BILL 1759?
¶ 1 H.B. 1759, to be codified at 70 O.S. Supp. 1999, §11-103.6[70-11-103.6], reads in pertinent part:
 B. Beginning with the 2002-2003 school year, in order to graduate from a public high school accredited by the State Board of Education, students shall
complete the following core curriculum units at the secondary level:
 1. Language Arts — 4 units, to consist of 1 unit of grammar and composition, and 3 units from the following language arts electives — American Literature or English Literature (which are required to qualify for the diploma of honor as provided for in Section 11-103.2 of this title), World Literature, Advanced English Courses, or Speech;
 2. Mathematics — 3 units, to consist of 1 unit of Algebra I, and 2 units from the following mathematics electives — Algebra II or Geometry (which are required to qualify for the diploma of honor as provided for in Section 11-103.2 of this title), Trigonometry, Math Analysis or Precalculus, Calculus, Statistics and/or Probability, Mathematics of Finance, Applied Mathematics I and II, or Computer Science. Provided, credit may be granted for Applied Mathematics I and II and Computer Science whether taught at the comprehensive high school or at a vocational-technical school;
 3. Science — 3 units, to consist of 1 unit of Biology I, and 2 units from the following science electives — Chemistry I or Physics (which are required to qualify for the diploma of honor as provided for in Section 11-103.2 of this title), Biology II, Chemistry II, Physical Science, Earth Science, Botany, Zoology, Physiology, Astronomy, or Applied Science (Biology/Chemistry, Physics, and Technology) or the 4th year of agriculture education when taken in the twelfth grade. Provided, credit may be granted for the Applied Science (Biology/Chemistry, Physics, and Technology) whether taught at the comprehensive high school or at a vocational-technical school; and
 4. Social studies — 3 units, to consist of 1 unit of United States History, 1/2 to 1 unit of United States Government, 1/2 unit of Oklahoma History, and 1/2 to 1 unit from the following social studies electives — World History (which is required to qualify for the diploma of honor as provided for in Section 11-103.2 of this title), Geography, Economics, Anthropology, Psychology, or Sociology.
 For purposes of this section, a "unit" means a Carnegie Unit as defined by the North Central Association's Commission on Schools.
70 O.S. Supp. 1999, § 11-103.6[70-11-103.6](B) (emphasis added).
¶ 2 By using the word shall, section 11-103.6(B) mandates that the units of instruction set out in (B)(1) through (4), along with a number of electives, must be completed by each student by the end of the student's high school career. "In the construction of statutes, [the word] `shall' is usually given its common meaning of `must.' It is interpreted as implying a command or mandate." Sneed v. Sneed, 585 P.2d 1363, 1364 (Okla. 1978).
¶ 3 The statute does provide for certain options in subsection C. The local district has the ability to offer comparable units of instruction, perhaps with different titles, so long as the units are sufficiently rigorous and do not undermine the intent of providing the listed courses. Subsection C reads as follows:
 C. The State Board of Education shall adopt a plan to ensure that rigor is maintained in the content, teaching methodology, level of expectations for student achievement, and application of learning in all the courses specified in subsection B of this section. The State Board of Education shall allow as much option at the local district level as is possible without diminishing the rigor or undermining the intent of providing these courses. Local options may include, but shall not be limited to, comparable courses taken by concurrent enrollment or advanced placement, and comparable courses bearing different titles. . . .
70 O.S. Supp. 1999, § 11-103.6[70-11-103.6](C) (emphasis added).
¶ 4 The statute mandates specific units of core courses in (1) Language Arts, (2) Mathematics, (3) Science, and (4) Social Studies. It also mandates courses for honor diplomas and sufficient electives necessary to meet graduation requirements. The mandated units of core courses may be fulfilled by taking comparable units bearing different titles, by concurrent enrollment,[1] and by advanced placement through testing.See 70 O.S. Supp. 1999, § 11-103.6[70-11-103.6](C). Local school districts may find it difficult to offer all of the core curriculum or options such as concurrent enrollment. The legislature has previously provided that local school districts may enter into cooperative agreements to ensure that curriculum mandates are met. See 70 O.S. Supp. 1998, § 5-117[70-5-117](C).
¶ 5 In answer to your first question, during the high school career of the student, local school districts must offer the core curriculum units set forth in subsection B, "diploma of honor" courses, and sufficient electives for graduation, or comparable units approved by the State Department of Education. See 70O.S. Supp. 1999, § 11-103.6[70-11-103.6](B)(1) through (4) and (C).
 II. ARE STUDENTS WITH DISABILITIES REQUIRED TO TAKE MANDATED CORE CURRICULUM COURSES?
¶ 6 Your second question requires a brief analysis of The Individuals With Disabilities in Education Act, known as IDEA,20 U.S.C. § 1400. IDEA's purpose is stated as follows:
 It is the purpose of this chapter to assure that all children with disabilities have available to them, within the time periods specified in section 1412(2)(B) of this title, a free appropriate public education which emphasizes special education and related services designed to meet their unique needs, to assure that the rights of children with disabilities and their parents or guardians are protected, to assist States and localities to provide for the education of all children with disabilities, and to assess and assure the effectiveness of efforts to educate children with disabilities.
20 U.S.C. § 1400(c) (emphasis added).
¶ 7 The term special education means specially designed instruction. This instruction must be provided "at no cost to parents or guardians, to meet the unique needs of a child with a disability, including — (A) instruction conducted in the classroom, in the home, in hospitals and institutions, and in other settings; and (B) instruction in physical education."20 U.S.C. § 1401(a)(16)(A), (B).
¶ 8 Your second question asks whether a student who has an individual education plan (IEP) is subject to the new mandated units of core curriculum set out in House Bill 1759. Pursuant to IDEA, the IEP is developed by a team of professional educators, medical professionals and the parents — the IEP Team. See20 U.S.C. § 1401(a)(20).
¶ 9 Congress has given a clear directive to the states regarding special education. Congress has found:
 (1) [T]here are more than eight million children with disabilities in the United States today; (2) the special educational needs of such children are not being fully met; (3) more than half of the children with disabilities in the United States do not receive appropriate educational services which would enable them to have a full equality of opportunity . . . [and,] (7) developments in the training of teachers and in diagnostic and instructional procedures and methods have advanced to the point that, given appropriate funding, State and local educational agencies can and will provide effective special education and related services to meet the needs of children with disabilities. . . .
20 U.S.C. § 1400(b)(1)-(7) (emphasis added).
¶ 10 The State of Oklahoma permits an exemption for IDEA students from the units of core curriculum mandated in the new provisions of the statute. The pertinent provision reads:
 F. The State Board of Education shall prescribe, adopt and approve a promotion system based on the attainment by students of specified levels of competencies in each area of the core curriculum.
Provided, however, that children who have individualized education plans pursuant to the Individuals With Disabilities Education Act (IDEA), P.L. No. 101-476 may be exempted from the requirements of this subsection.
70 O.S. Supp. 1999, § 11-103.6[70-11-103.6](F) (emphasis added).
¶ 11 The use of the permissive word may in 70 O.S. Supp.1999, § 11-103.6[70-11-103.6](F), allows the IEP team to consider core curriculum units as appropriate for IDEA students, based upon the student's ability to learn. See 20 U.S.C. § 1400(b)(7). In short, the new legislation is not an excuse for the IEP team to exempt students with disabilities, en masse, from the units of core curriculum. IDEA requires that students have appropriate educational services which enable them to have full equality ofopportunity. See 20 U.S.C. § 1400(b)(3).
¶ 12 IDEA authorizes the states to receive federal funding to educate students with disabilities. In order for states to qualify for assistance in any fiscal year, a state "shall demonstrate to the Secretary that . . . [t]he State has in effect a policy that assures all children with disabilities the right to a free appropriate public education." 20 U.S.C. § 1412(1). Appropriateness of curriculum for a student with disabilities is uniquely determined under IDEA by the IEP team plan and subsequently approved by the local district and the State Department of Education. See 20 U.S.C. § 1412(1); OAC210:15-13-2(d)(3).
¶ 13 In answer to your second question, students with IEPs may be exempted from the core curriculum mandates of H.B. 1759. Whether any IEP might require some or all of the core curriculum courses from the curriculum list in H.B. 1759, is a question to be determined by the IEP team members and the parents on a student-by-student basis, and subsequently approved by the local school district and the State Department of Education in compliance with IDEA. See 20 U.S.C. § 1400; 70 O.S. Supp.1998, § 3-104[70-3-104]; OAC 210:15-13-2(d)(3).
 III. ARE CHARTER SCHOOLS REQUIRED TO OFFER THE MANDATED UNITS OF CORE CURRICULUM COURSES REQUIRED IN HOUSE BILL 1759, SECTIONS 5-18?
¶ 14 The Oklahoma Charter Schools Act (the Act) is found at 70 O.S. Supp. 1999, § 3-130[70-3-130]. The Act states that the purpose of a charter school is to:
 (1) Improve student learning; (2) Increase learning opportunities for students; (3) Encourage the use of different and innovative teaching methods; (4) Provide additional academic choices for parents and students; (5) Require the measurement of student learning and create different and innovative forms of measuring student learning; (6) Establish new forms of accountability for schools; and (7) Create new professional opportunities for teachers and administrators including the opportunity to be responsible for the learning program at the school site.
70 O.S. Supp. 1999, § 3-131[70-3-131](A)(1)-(7).
¶ 15 Charter schools are sponsored by a local school district or area-vocational technical school district and may consist of a new school site or any or all of an existing school site. See
70 O.S. Supp. 1999, § 3-132[70-3-132](A) and (C). As the sponsor of the charter school, the local school board approves the charter application and enters into a written contract with the applicant. The written contract must incorporate all of the elements of the charter application. See 70 O.S. Supp. 1999, §3-134[70-3-134](A)(1); 70 O.S. Supp. 1999, § 3-135[70-3-135](A)(1).
¶ 16 The Act defines charter schools as public schools established by contract. See 70 O.S. Supp. 1999, § 3-132[70-3-132](B). The legislature has provided that a charter school charter must ensure compliance with a list of requirements that are common to all Oklahoma public schools, but the core curriculum requirements are missing from the language of the Oklahoma Charter Schools Act. The legislature could have incorporated the core curriculum units listed at 70 O.S. Supp. 1999, § 11-103.6[70-11-103.6](B) and (C) in the list of mandates for charter schools at 70 O.S. Supp. 1999,§ 3-136[70-3-136] (A)(1), or incorporated the list therein by reference, if it had chosen to do so.
¶ 17 The Charter Schools Act reads in pertinent part:
 3. The charter school shall provide a comprehensive program of instruction for at least a kindergarten program or any grade between grades one and twelve. Instruction may be provided to all persons between the ages of five (5) and twenty-one (21) years. A charter school may offer a curriculum which emphasizes a specific learning philosophy or style or certain subject areas such as mathematics, science, fine arts, performance arts, or foreign language. . . .
. . . .
 5. Except as provided for in the Oklahoma Charter Schools Act and its charter, a charter school shall be exempt from all statutes and rules relating to schools, boards of education, and school districts[.]
70 O.S. Supp. 1999, § 3-136[70-3-136](A)(3) and (5) (emphasis added).
¶ 18 Thus in answer to your third question, 70 O.S. Supp.1999, § 3-136[70-3-136] (A)(5) exempts charter schools from the core curriculum requirements found at 70 O.S. Supp. 1999, §11-103.6[70-11-103.6](B). While charter school students must participate in statewide testing as do all other public school students, § 3-136 (A)(4), their curriculum is referenced in § 3-136(A)(3) only as "a curriculum which emphasizes a specific learning philosophy or style or certain subject areas such as mathematics, science, fine arts, performance arts, or foreign language." Charter schools are thus exempted from all statutes and rules relating to schools, boards of education and school districts by 70 O.S. Supp. 1999,§ 3-136[70-3-136](A)(5).
 IV. IF GRADUATION REQUIREMENTS ARE MET BY UTILIZING CONCURRENT ENROLLMENT, IS THE LOCAL SCHOOL DISTRICT REQUIRED TO BEAR THE COST OF THE COURSE?
¶ 19 The Oklahoma Constitution requires a system of free
public schools at Article XIII, § 1. The unit core curriculum requirements of 70 O.S. Supp. 1999, § 11-103.6[70-11-103.6](B) allow for the school district to grant credit toward graduation for a student enrolled in a college level course if the course meets the statutory curriculum requirements. Concurrent enrollment is a program allowing a high school student to voluntarily enroll in a course of study at the college level. Concurrent enrollment is not mandated in the new statue. See 70 O.S. Supp. 1999, §11-103.6[70-11-103.6](C). Concurrent enrollment is an option available to the local school district to meet the listed units of core curriculum. "Local options may include . . . comparable courses taken by concurrent enrollment. . . ." 70 O.S. Supp. 1999, §11-103.6[70-11-103.6](C) (emphasis added).
¶ 20 There are costs such as tuition, books, and transportation, for a student to enroll concurrently in a college course. Because the state constitution requires the local school district to offer free public education, the local school district must pay those costs if concurrent enrollment is the sole means to meet units of core curriculum. If a student chooses concurrent enrollment, but the district provides other options to meet the requirement, then the student must pay the costs. Whether the student or the local district is liable for those costs under the new law is based on the facts presented to the district in any given case. The following fact situations might occur under the statute:
 1. A student voluntarily enrolls in a college course that duplicates an offering of the local school district. Under these facts, the student would be responsible for all of the costs of the course and related costs as the school has met its statutory obligation by offering a course that meets the curriculum list in § 11-103.6(B);
 2. A student concurrently enrolls in a college level course because the course offered by the local district is not offered in the semester at hand or in a convenient time frame for the student. Under these facts, the student again would be responsible for the costs so long as the local school district offered the course or courses during the student's high school career pursuant to § 11-103.6(B); or,
 3. A student concurrently enrolls in a college-level course necessary for graduation because the local district was unable, for whatever reasons, to offer the needed core curriculum course during the student's high school career. Under these facts, the local district would be responsible for the cost of the course and all related costs pursuant to § 11-103.6(B) and (C).
¶ 21 The local school district must offer the units of listed core curriculum or comparable courses approved by the State Department of Education during the student's high school career, or provide, at district expense, comparable units of core curriculum through concurrent enrollment in college courses.See 70 O.S. Supp. 1999, § 11-103.6[70-11-103.6](B) and (C).
¶ 22 In answer to your fourth question, concurrent enrollment by students in college course work is an option and not a mandate for a local school district pursuant to 70 O.S. Supp. 1999, §11-103.6[70-11-103.6] (B) and (C). If the student voluntarily enrolls in college courses that are offered or duplicated during the student's high school career, the student must bear the costs of enrollment and related costs. However, if the local district opts to offer core curriculum courses solely through concurrent enrollment during a student's high school career, concurrent enrollment tuition and appropriate related costs become the responsibility of the local school district. The school district may, at its option, obligate itself for the costs of concurrent enrollment even if it is not the sole means of offering units of core curriculum. See 70 O.S. Supp. 1999, § 11-103.6[70-11-103.6] (B) and (C).
¶ 23 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. During the high school career of the student, schooldistricts are required to offer all units of core curriculumcourses, honor units, and sufficient units of electives forgraduation, or comparable courses approved by the StateDepartment of Education, as mandated in Enrolled House Bill 1759,47th Legislature, 1st Regular Session to be codified at 70 O.S.Supp. 1999, § 11-103.6(B) and (C). A local school district mayjoin one or more districts in cooperative agreements in order toensure that core curriculum mandates necessary for graduation aremet. See 70 O.S. Supp. 1998, § 5-117(C).
 2. Students with individual education plans (IEPs) developedpursuant to the Individuals With Disabilities in Education Act(IDEA), may be exempted from the new core curriculum mandates ofHouse Bill 1759. See 70 O.S. Supp. 1999, § 11-103.6(F).However, whether any individual education plan (IEP) mightrequire some or all of the units from the curriculum listed in70 O.S. Supp. 1999, § 11-103.6(B), is a question of fact to bedetermined by the IEP team members and the parent(s) of thestudent on a student-by-student basis, subject to the approval ofthe local school district and the State Department of Educationpursuant to IDEA. See 20 U.S.C. § 1400; 70 O.S. Supp. 1998,§ 3-104; OAC 210:15-13-2(d)(3).
 3. The Oklahoma Charter Schools Act, pursuant to 70 O.S.Supp. 1999, § 3-136(A)(5), exempts charter schools from the newcore curriculum requirements for public schools found at 70O.S. Supp. 1999, § 11-103.6[70-11-103.6] (B).
 4. Pursuant to 70 O.S. Supp. 1999, § 11-103.6(C),concurrent enrollment in courses comparable to those mandated at70 O.S. Supp. 1999, § 11-103.6(B)(1) through (4) is one optionfor the local school district to meet core curriculumrequirements necessary for graduation. The statute does notmandate that the local school district offer the studentconcurrent enrollment. See 70 O.S. Supp. 1999, §11-103.6(C)
 If the student voluntarily enrolls in approved, comparablecollege courses which are available in the local school districtcore curriculum during the student's high school career, thestudent is responsible for the costs of enrollment and relatedcosts. See 70 O.S. Supp. 1999, § 11-103.6(C).
 If, during the student's high school career, the localdistrict opts to provide concurrent enrollment as the sole meansof offering units of core curriculum mandated by statute, thenthe costs of concurrent enrollment — tuition and appropriaterelated costs — become the responsibility of the local schooldistrict. The school district may, at its option, obligate itselffor the costs of concurrent enrollment even if it is not the solemeans of offering units of core curriculum. See Article XIII,§ 1, Oklahoma Constitution; 70 O.S. Supp. 1999, § 11-103.6(B)and (C).
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
JOHN M. McCORMICK ASSISTANT ATTORNEY GENERAL
[1] Concurrent enrollment, one option provided for in § 11-103.6(C), is a program whereby students may enroll in a college level course of study approved by the district for high school credit. Subsection C does not mandate concurrent enrollment for students to meet any core listed courses. Concurrent enrollment is just one option for achieving the necessary graduation credit required by law. See 70 O.S. Supp.1999, § 11-103.6[70-11-103.6](C).