# STATE OF MICHIGAN

# COURT OF APPEALS

MEGGAN EICKELBERG, a/k/a MEGGAN
GRIFFIN,

UNPUBLISHED
January 27, 2015

Plaintiff-Appellant,

v

No. 318840
Macomb Circuit Court
Family Division

ETHAN EICKELBERG,

LC No. 2010-000278-DM

Defendant-Appellee.

Before: BECKERING, P.J., and JANSEN and BOONSTRA, JJ.

PER CURIAM.

Plaintiff, Meggan Eickelberg, a/k/a Meggan Griffin, appeals by delayed leave granted from the circuit court's order granting defendant Ethan Eickelberg's motion to modify the parties' parenting time schedule and parenting time exchange location, denying plaintiff's motion to terminate the parenting time coordinator, and ordering other relief. We vacate that order and remand for further proceedings.

Plaintiff and defendant were married in May 1999 and have three minor children. On October 7, 2010, the court entered a consent judgment of divorce dissolving the parties' marriage and awarding them joint legal custody of their children with physical custody awarded to plaintiff. When the complaint for divorce was filed, both parties lived in Clinton Township. At some point after plaintiff filed the complaint for divorce, defendant moved to Perry, Michigan, which was approximately 86 miles from plaintiff's home in Clinton Township. In March 2013, defendant moved again, to Marshall, Michigan, which is approximately 126 miles from plaintiff's home in Clinton Township. Defendant contends that his move to Marshall was required by his job as a first lieutenant in the United States Army.

After the divorce, the parties experienced difficulty communicating about the children, so the circuit court appointed a parenting coordinator. In April 2013, plaintiff filed a motion to terminate the parenting coordinator. Additionally, she contended that defendant's recent move to Marshall was a change of domicile over 100 miles from the children's original residence in Clinton Township, necessitating compliance with MCL 722.31. In response, defendant moved to change the parenting time exchange location and to modify parenting time because of his move. He requested that the parenting time exchange be moved to a location that was more convenient

-1-

in light of his move to Marshall and that the circuit court eliminate his midweek parenting time on Wednesday evenings, as such parenting time was no longer feasible in light of his move. In exchange for the midweek visit, defendant proposed that he be awarded extra parenting time during the children's summer vacation.

At the hearing on the parties' motions, plaintiff argued that defendant's move to Marshall violated MCL 722.31 because he moved more than 100 miles from the children's original legal residence at the time of the commencement of the divorce action without court approval. The court concluded, however, that defendant was not required to seek court permission for his move from Perry to Marshall because Marshall was not more than 100 miles from Perry. The circuit court rejected plaintiff's contention that the appropriate residence on which to focus was the children's legal residence at the time of the commencement of the action on which the original custody order was based; instead, the circuit court focused on defendant's residence immediately before the move at issue. Thereafter, the court granted defendant's motion to change the parenting time exchange location and to modify the parenting time schedule, denied plaintiff's motion to terminate the parenting time coordinator, and ordered other relief, including: makeup parenting time for defendant; that the parties participate in a parental coordination evaluation; that all communication between the parties shall be in writing; and that the parties be prohibited from scheduling extracurricular activities for the children, except with a mutual written agreement.

On appeal, plaintiff argues that the court misinterpreted MCL 722.31(1) when addressing defendant's move to Marshall and, as a result, failed to evaluate the move according to the factors set forth in the statute. We agree. The question whether the court misinterpreted MCL 722.31 is a question of law that we review de novo on appeal. *Burba v Burba*, 461 Mich 637, 647; 610 NW2d 873 (2000). "The goal of statutory interpretation is to give effect to the Legislature's intent as expressed in the statutory language. In examining the language of a statute, this Court will normally give the words used in the statute their plain and ordinary meaning." *Bowers v VanderMeulen-Bowers*, 278 Mich App 287, 292; 750 NW2d 597 (2008) (citation and quotation omitted).

Pertinent to this appeal, MCL 722.31(1) provides as follows:

> A child whose parental custody is governed by court order has, for the purposes of this section, a legal residence with each parent. Except as otherwise provided in this section, a parent of a child whose custody is governed by court order shall not change a legal residence of the child to a location that is more than 100 miles from the child's legal residence at the time of the commencement of the action in which the order is issued.

The circuit court ignored the plain language of MCL 722.31(1) by focusing on the number of miles defendant moved from his most recent address in Perry, rather than focusing on the number of miles defendant moved from "the child's legal residence *at the time of the commencement of the action . . . .*" MCL 722.31(1) (emphasis added). The plain language of the statute provides that a child whose parental custody is governed by a court order—such as the judgment of divorce in the case at bar—has a legal residence with each parent. Further, the plain language of the statute provides that, where custody is governed by a court order, a parent shall

not change a legal residence of a child—except in conformance with MCL 722.31(2)-(4)—"to a location that is more than 100 miles from the child's legal residence at the time of the commencement of the action in which the order is issued." Thus, the appropriate residence on which to focus when applying the 100-mile rule is "*the child's legal residence at the time of the commencement of the action in which the order [governing custody] is issued.*" That a parent may have subsequently relocated a child's legal residence *after* the issuance of the order governing custody does not change the residence that is the focus of the 100-mile rule.

Here, as noted, the children's legal residence *at the time of the commencement* of the action in which the judgment of divorce was issued was located in Clinton Township. Because there is no dispute that Marshall is more than 100 miles from Clinton Township, defendant was required to seek court approval, or plaintiff's consent, before making the move. See MCL 722.31(2), (4). Here, where plaintiff did not grant approval, the circuit court should have evaluated defendant's move using the factors set forth in MCL 722.31(4). *Brown v Loveman,* 260 Mich App 576, 590-591; 680 NW2d 432 (2004).

Moreover, if the move requires a modification of parenting time that results in a change in the children's custodial environment, then the court must consider the best-interest factors set forth in MCL 722.23 to determine whether the moving party proved by clear and convincing evidence that the move and consequent change in the established custodial environment and parenting time is in the children's best interests. *Id.* at 590-591. Overall, in deciding the matter on remand, the circuit court is to consider the issue within the framework of the four-step approach set forth by this Court in *Rains v Rains,* 301 Mich App 313, 325; 836 NW2d 709 (2013):

> First, a trial court must determine whether the moving party has established by a preponderance of the evidence that the factors enumerated in MCL 722.31(4), the so-called *D'Onofrio*[1] factors, support a motion for a change of domicile. Second, if the factors support a change in domicile, then the trial court must then determine whether an established custodial environment exists. Third, if an established custodial environment exists, the trial court must then determine whether the change of domicile would modify or alter that established custodial environment. Finally, if, and only if, the trial court finds that a change of domicile would modify or alter the child's established custodial environment must the trial court determine whether the change in domicile would be in the child's best interests by considering whether the best-interest factors in MCL 722.23 have been established by clear and convincing evidence.

Finally, we note that plaintiff contends that the circuit court erred by failing to conduct an evidentiary hearing with regard to the numerous parenting time issues decided at the April 29, 2013 hearing. We first note that the record belies plaintiff's claims that the circuit court did not hear sworn testimony from the parties, as plaintiff and defendant were sworn at the outset of the

---

[1] *D'Onofrio v D'Onofrio,* 144 NJ Super 200, 206-207; 365 A2d 27 (1976).

hearing.  In addition, we note that plaintiff concedes that "[t]he application of the factors in MCL 722.31(4) would address these parenting time issues."  Because we are remanding with instructions for the circuit court to conduct a hearing on those very factors, we decline to address plaintiff's assertion of error in any more detail.

We therefore vacate the circuit court's opinion and remand for consideration of defendant's move to Marshall using the factors set forth in MCL 722.31(4) and for further proceedings consistent with this opinion.  We do not retain jurisdiction.

/s/ Jane M. Beckering
/s/ Kathleen  Jansen
/s/ Mark T. Boonstra